**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fraser MacDonald,<br><br>             Plaintiff,<br><br>v.<br><br>Jack L Sinclair, et al.,<br><br>             Defendants. | No. CV-25-04723-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the parties' "Stipulation Consolidating Cases and Appointing Co-Lead Counsel for Plaintiffs." (Doc. 9.)

<u>Propriety of Consolidation</u>.  Rule 42(a) of the Federal Rules of Civil Procedure grants authority to consolidate "actions before the court" if they "involve a common question of law or fact." *Id.*  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.* at 70 (cleaned up).

The two actions that are the subject of the parties' consolidation request are both shareholder derivative actions on behalf of Sprouts Farmers Market, Inc.  The Court agrees with the parties (Doc. 9 at 3) that both actions share common questions of law and fact and that consolidation will promote convenience and economy in administration.  *Cf. Lee ex rel Coherent, Inc. v. Ambroseo*, 2007 WL 1558565, *1 (N.D. Cal. 2007) ("The three

shareholder derivative actions clearly involve common questions of law and fact as they are brought against substantially the same defendants, allege the same violations of law and allege similar predicate facts. Moreover, the Court has received no opposition to the motions to consolidate. Accordingly, the motions will be granted."). Furthermore, the undersigned has consulted with the judge to whom the other matter is assigned, and she does not oppose consolidation. *See* LRCiv 42.1(b) ("The motion will be heard and decided, after consulting with the Judges assigned to the other affected cases, in the case with the lowest case number that is assigned to a District Judge."). Accordingly, the consolidation request is granted.

        <u>Effect Of Consolidation</u>. In their stipulation, the parties seek to change the caption of this case in various ways. (Doc. 9 at 3-4.) The Court appreciates that this proposal was intended to promote efficiency, but it is unnecessary and deviates from the usual practice in this District. The caption of this case will remain the same. The Court will simply clarify, as ordered below, that all documents filed in the future regarding the two consolidated actions are to be filed under the caption *MacDonald v. Sinclair, et al.*, No. CV-25-04723-PHX-DWL, and that no additional documents shall be filed in *Kaiser v. Sinclair, et al.*, No. CV-26-00191-PHX-DJH. *Cf. Sexton ex rel. Jones Soda Co. v. Van Stolk*, 2008 WL 1733242, *1 (W.D. Wash. 2008) ("Pursuant to Fed.R.Civ.P. 42(a), the above-captioned matters are hereby consolidated for all purposes. All documents filed in the future regarding these matters are to be filed under the caption *Sexton v. Van Stolk, et al.*, Cause No. C07–1782RSL. . . . No additional documents shall be filed in Cause No. C08–0018RSL.").

        <u>Appointment Of Co-Lead Counsel</u>. The parties also include, in their stipulation, a request that the Court designate The Brown Law Firm, P.C. and Kuehn Law, PLLC as co-lead counsel for plaintiffs in the consolidated actions. (Doc. 9 at 3.) This request is appropriate and will be granted. *Lee*, 2007 WL 1558565 at *2 ("The Second Circuit interpreted [Rule 48(a)] . . . [as] holding that a district court may consolidate multiple derivative actions and appoint lead counsel for the consolidated plaintiffs. The Ninth

Circuit followed *MacAlister* in *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir. 1977) . . . ."). *See generally* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 42 (2022) ("Rule 42(a)(3) provides that courts may 'issue any other orders to avoid unnecessary delay or cost.' For example, courts have relied on this language to enter orders designating lead or liaison counsel in complex litigation.").

Accordingly,

**IT IS ORDERED** that:

1. The parties' stipulation (Doc. 9) is **granted in part**, as discussed above.

2. *MacDonald v. Sinclair, et al.*, No. CV-25-04723-PHX-DWL and *Kaiser v. Sinclair, et al.*, No. CV-26-00191-PHX-DJH are consolidated for all purposes. The above-captioned action, *MacDonald v. Sinclair, et al.*, No. CV-25-04723-PHX-DWL, shall serve as the lead action.

3. All documents filed in the future regarding the two consolidated actions are to be filed under the caption *MacDonald v. Sinclair, et al.*, No. CV-25-04723-PHX-DWL, and no additional documents shall be filed in *Kaiser v. Sinclair, et al.*, No. CV-26-00191-PHX-DJH.

4. All papers and documents previously filed and/or served in *Kaiser v. Sinclair, et al.*, No. CV-26-00191-PHX-DJH shall be deemed a part of the record in *MacDonald v. Sinclair, et al.*, No. CV-25-04723-PHX-DWL.

5. Co-Lead Counsel for plaintiffs for the conduct of the consolidated actions shall be:

**THE BROWN LAW FIRM, P.C.**

Timothy Brown

767 Third Avenue, Suite 2501

New York, NY 10017

Telephone: (516) 922-5427

Fax: (516) 344-6204

Email: tbrown@thebrownlawfirm.net

**KUEHN LAW, PLLC**

Justin A. Kuehn

Molly J. Brown

53 Hill Street, Suite 605

Southampton, New York 11968

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in the consolidated actions in all matters regarding pre-trial procedures and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pretrial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

7. Within 60 days of the issuance of this order, the parties shall submit a proposed schedule. Defendants are not required to respond to the complaints or any amended complaint in the consolidated actions until the date set by the Court in ruling on the proposed schedule.

Dated this 5th day of February, 2026.

_____
Dominic W. Lanza
United States District Judge